IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-01559-LTB

CITY OF COLORADO SPRINGS,

       Plaintiff,

v.

ELAINE L. CHAO,
in her capacity as Secretary of the United States Department of Labor, and
the UNITED STATES DEPARTMENT OF LABOR,

       Defendants,

and

AMALGAMATED TRANSIT UNION LOCAL 19,

       Intervenor.
_____

**ORDER**
_____

       This labor dispute case is before me on Plaintiff, City of Colorado Springs's, Motion to Strike Department of Labor's Response Brief Due to Untimely Filing and to Clarify Scheduling Order [**Docket # 64**], and Defendants, Elaine L. Chao and the United States Department of Labor's, Response [**Docket # 66**]. Although I hold Defendants' response brief was untimely filed, granting of Plaintiff's motion is held in abeyance pending Defendants' response to the show cause order below.

       The relevant facts are as follows. On November 28, 2007, Magistrate Judge Mix entered a briefing schedule in this case [**Docket # 19**] that required Colorado Springs to file its opening brief on or before February 11, 2008; Defendants to file their responsive brief on or before April

7, 2008; and Colorado Springs to file its reply brief on or before May 22, 2008. On December 7, 2007, Defendants filed a certified copy of the administrative record in this case. The administrative record, as filed, contained three documents that Colorado Springs believed were improperly included. Colorado Springs challenged the three documents and Magistrate Judge Tafoya excluded the documents on April 4, 2008 [**Docket # 47**].

On April 7, 2008, Defendants filed an unopposed motion to amend the scheduling order [**Docket # 48**]. Defendants represented that they intended to appeal Magistrate Judge Tafoya's April 4, 2008, Order and requested they be allowed to file their responsive briefs after the appeal was decided by this Court. On April 11, 2008, Magistrate Judge Tafoya granted Defendants' motion [**Docket # 53**]. Magistrate Judge Tafoya ordered that the "response brief on behalf of the [Department of Labor], originally to be filed on April 7, 2008, will be filed <u>within ten calendar days</u> from the date of entry of the District Court order on DOL's objections to the Magistrate Judge's Order" (emphasis added).

I affirmed Magistrate Judge Tafoya's April 4, 2008, ruling on May 22, 2008 [**Docket # 62**]. Defendants filed their response brief on June 6, 2008 [**Docket # 63**]. By its present motion, Colorado Springs claims Defendants' response brief was filed fifteen calendar days after my May 22, 2008, ruling. Accordingly, Colorado Springs argues Defendants' response brief was untimely filed—without pleading excusable neglect under FED. R. CIV. P. 6(b)(1)(B)—and should be stricken from the record.

Under FED. R. CIV. P. 6(a)(2), when the time period specified in an order is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded in calculating the deadline. This rule does not apply, however, when the order specifies a date certain—even if the

2

date certain falls within the ten day time period. *See Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1017–18 (6th Cir. 2005) ("By its plain language, the rule applies to the relatively common situation in which litigants are required to file papers within a given number of days following a particular event or order. . . . The language of Rule 6(a) does not address situations where litigants are required to file papers on a particular, stated, calendar date."). Colorado Springs argues that—by setting the deadline at "ten calendar days from the date of the entry of the District Court order"—Magistrate Judge Tafoya intended to set the filing deadline at a date certain: June 1, 2008. I agree.

Although the precise issue presented appears uncommon in the federal courts, the limited authority available supports Colorado Springs's position. For example, an unpublished case from the Southern District of New York notes that the use of the term "calendar days" requires the specified action to be taken by a date certain, thus overriding the rule of FED. R. CIV. P. 6(a)(2). *See Auscape Int'l v. Nat'l Geographic Soc'y*, No. 02 Civ. 6441, 2003 WL 21976400, at n.4 (S.D.N.Y. Aug. 19, 2003); *see also Gary v. Sheahan*, 188 F.3d 891, 893 (7th Cir. 1999) (distinguishing "calendar days" from "rule days"); *Int'l Longshore & Warehouse Union, Local 142 v. C. Brewer & Co.*, 496 F. Supp. 2d 1179, 1180 (D. Haw. 2007) (noting that a local rule allowing "11 calendar days" to file a response to an appeal from a magistrate's order does not exclude intermediate weekends and holidays). While some federal courts have noted that—to the extent local rules of civil procedure use the term "calendar days" to mean an unbroken period of consecutive days—such meaning is contrary to Rule 6(a)(2)'s exclusion of intermediate weekends and holidays, these courts have not ruled on the issue presented here: whether a judge's use of the term "calendar days" in an order refers to a date certain. *See United States v.*

*Hess*, 982 F.2d 181, 185 (6th Cir. 1992). *Cf. Mayes v. Messercola*, No. 94-CV-0026, 2000 WL 1919874, at *1 (N.D.N.Y. Dec. 21, 2000).

I agree with those courts holding that the term "calendar days" used in an order refers to a date certain, particularly in this instance. This is not a case like those cited by Defendants where the number of "calendar days" was set by rule. Magistrate Judge Tafoya used specific language aimed at achieving a specific result. On April 11, 2008—when the extension at issue was granted—Magistrate Judge Tafoya could not have chosen a set date because the appeal of the April 4, 2008, ruling was still pending. Instead, she chose the next best thing: a fixed date in time relative to the decision on appeal. In light of the fact that Defendants had already had two months to prepare their response brief before filing the motion for an extension, it was eminently reasonable to limit the extension in such a way. Had the magistrate judge intended to mean "ten days" under Rule 6(a)(2), she would have simply said "ten days."

Defendants also argue they should have been allowed a three day extension under the "mailbox rule" described in Rule 6(d), and applied here under ECF Procedure V.G.5. The rule does not apply, however, when the filing deadline is a date certain because the prerequisite of a "period of time" set out in Rule 6(a) is not met. *See Curran v. AMI Fireplace Co.*, 163 F. App'x 714, 718 (10th Cir. 2006). Even if the "ten calendar days" deadline was not considered a date-certain deadline, the three additional days are only available when a party is required to do some act within a prescribed period after the service of a notice or other paper upon the party, and only if the notice or paper is served upon the party by mail or ECF. *See Heffington v. Sedgwick County Dist. Ct.*, 214 F. App'x 800, 802 (10th Cir. 2007) (citing *Parker v. Bd. of Pub. Util. of*

4

*Kansas City*, 77 F.3d 1289, 1291 (10th Cir. 1996)). When—as here—the filing deadline is triggered by an entry of judgment, the additional three days are unavailable. *See id.*

Accordingly, I find and conclude that Defendants' response brief [**Docket # 63**] was untimely filed and ORDER that Defendants show cause in writing on or before September 22, 2008, why their response brief should not be stricken as untimely filed. Colorado Springs's Motion to Strike Department of Labor's Response Brief Due to Untimely Filing and to Clarify Scheduling Order [**Docket # 64**] is HELD IN ABEYANCE pending Defendants' response to the aforementioned show cause order.

Dated: September  10 , 2008.

                                 BY THE COURT:

                                   s/Lewis T. Babcock
                                 Lewis T. Babcock, Judge