IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-01559-LTB

CITY OF COLORADO SPRINGS,

       Plaintiff,

v.

ELAINE L. CHAO,
in her capacity as Secretary of the United States Department of Labor, and
the UNITED STATES DEPARTMENT OF LABOR,

       Defendants,

and

AMALGAMATED TRANSIT UNION LOCAL 19,

       Intervenor.
_____

**ORDER**
_____

       This labor dispute case is before me on Plaintiff, City of Colorado Springs's, Motion to Strike Department of Labor's Response Brief Due to Untimely Filing [**Docket # 64**]. On September 10, 2008, I held Defendants' response brief was untimely filed, and ordered Defendants to show cause why their response brief should not be stricken [**Docket # 71**]. Defendants filed a response to the show cause order on September 19, 2008 [**Docket # 72**]. Adequate cause appearing therein, Plaintiff's Motion to Strike Department of Labor's Response Brief Due to Untimely Filing [**Docket # 64**] is DENIED.

       Defendants move to untimely file on grounds of excusable neglect. Under FED. R. CIV. P. 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for

good cause, extend the time . . . on motion after the time has expired if the party failed to act because of excusable neglect." In order to determine what sorts of neglect will be "excusable," I consider all of the relevant circumstances including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Applying these factors to the facts of this case, I hold Defendants' failure to timely file was due to excusable neglect.

The first two factors weigh in Defendants' favor. Allowing Defendants to untimely file will not prejudice Plaintiff as Plaintiff has already filed a reply to the untimely filed response. Likewise—aside from the delay caused by resolution of the present Motion to Strike—the four-day filing extension will have no substantive impact on the timely resolution of this case.

Although a closer call, the third factor also weighs in favor of Defendants. The reason for the delay is "a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." *City of Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994). The reason for the untimely filing in this case is not disputed: Defendants misinterpreted language in the magistrate judge's order granting Defendants leave to file their response "within ten calendar days" of this Court's determination of Defendants' appeal of the magistrate judge's April 4, 2008, order.

The Supreme Court cautions that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, *supra*, 507 U.S. at 392. The Tenth Circuit noted in *United States v. Torres*, 373 F.3d 1159 (10th Cir. 2004), that

2

"the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." *Torres*, 372 F.3d at 1163 (citations omitted). The "misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless 'the word excusable is to be read out of the rule.'" *Id.* at 1163–64 (quoting *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996)).

There is no doubt that FED. R. CIV. P. 6 is readily accessible and unambiguous. As noted in my September 10, 2008, Order, however, the precise question of whether the term "ten calendar days" in an <u>order</u> refers to a date certain—or whether it is simply a "ten day" period under FED. R. CIV. P. 6(a)(2)—"appear[ed] uncommon in the federal courts." In determining the proper resolution of the issue, I found there was "limited authority available."

Other courts have held that ambiguity in an order similar to that inherent here can create an excusable reason for the delay. *See*, *e.g.*, *United States v. Roberts*, 978 F.2d 17, 24 (1st Cir. 1992); *Clements v. Florida East Coast Ry. Co.*, 473 F.2d 668, 670 (5th Cir. 1973); *Spears, Leeds & Kellogg v. Public Serv. Co. of N.H.*, 700 F. Supp. 791, 794 (S.D.N.Y. 1988); *see also* WRIGHT & MILLER, 4B FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2002). I am inclined to agree in this case, particularly in light of the apparent good faith on Defendants' part to comply with filing deadlines. *See Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005).

Accordingly, considering all the relevant circumstances, I find and conclude excusable neglect existed for Defendants' untimely filing of the response brief. Plaintiff's Motion to Strike Department of Labor's Response Brief Due to Untimely Filing [**Docket # 64**] is therefore DENIED.

Dated: October   17  , 2008.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge